Mathew DAVIS, Plaintiff–Appellant,

v.

GLENDALE UNIFIED SCHOOL DIS-
TRICT; Zaven Shamoyan; Michael F.
Escalante; Linda Evans; Christopher
Coulter; Mark Brown; Sungsook
Kim; Charlotte Sassounian; Mary W.
Borger; Greg Krikorian; Nayiri Na-
habedian; Joylene Wagner; Christine
Walters; Tamar Kataroyan; H.A. Paz;
County Of Los Angeles; Scott Shina-
gawa, Defendants–Appellees.

No. 12–55040.

United States Court of Appeals,
Ninth Circuit.

Argued Jan. 6, 2014.

Submitted March 18, 2014.

Filed April 2, 2014.

Adam Brett Wolf, Esquire, Wolf Legal,
P.C., San Francisco, CA, for Plaintiff–Ap-
pellant.

Nancy P. Doumanian, Anoushe S. Ma-
randjian, Esquire, Doumanian & Associ-
ates, La Crescenta, CA, Joseph A. Lang-
ton, Counsel, Anoushe S. Marandjian,
Esquire, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge,
REINHARDT and CLIFTON, Circuit
Judges.

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

## MEMORANDUM *

A majority of the panel agrees that the grant of summary judgment was improper, but the judges disagree as to why. One judge believes that Davis has created a triable issue of fact as to whether the school district's policy of allowing out-of-district seniors to finish their studies created a protected *property* interest, particularly because the school knowingly acquiesced in Davis's continued enrollment without an out-of-district permit. *See Gerhart v. Lake County, Mont.,* 637 F.3d 1013, 1020 (9th Cir.2011); *Orloff v. Cleland,* 708 F.2d 372, 377 (9th Cir.1983).

The other judge in the majority would hold that Davis has created a triable issue of fact as to whether Davis's disenrollment implicated a *liberty* interest. *See Goss v. Lopez,* 419 U.S. 565, 574–76, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). Although the school district argues that "disenrollment" differs from expulsion, the form the school gave Davis (1) was titled "Expulsion Procedures: Due Process Rights;" (2) listed Davis's "offense" as "Possessed, sold, or otherwise furnished any firearm, knife, explosive, or other dangerous object;" and (3) stated that Davis was entitled to several "Due Process Rights," including a hearing. The second judge therefore believes that Davis has sufficiently shown that the disenrollment affected his liberty interest in his reputation to survive summary judgment.

**REVERSED.**